## In re PITTSBURGH RYS. CO.
### No. 20225.

District Court, W. D. Pennsylvania.
Oct. 21, 1947.

See also 74 F.Supp. 842.

J. Henry O'Neill, J. Garfield Houston and Wells Fay, all of Pittsburgh, Pa., for trustee.

Thomas J. Munsch, Jr., of Pittsburgh, Pa., for Philadelphia Co.

Samuel Koenigsberg, of New York City, for Securities & Exchange Commission.

Robert L. Kirkpatrick, of Pittsburgh, Pa., for Citizens Traction Co.

Paul G. Perry, of Pittsburgh, Pa., for Allegheny Traction Co.

William F. Walsh, of New York City, for Public Security Holders of Citizens Traction Co.

Maurice J. Dix, of New York City, for Jules Guggenheim, and others.

Harry F. Stambaugh, of Pittsburgh, Pa., for Committee for Bondholders of Southern Traction Co.

John M. Marshall, of Pittsburgh, Pa., for City of Pittsburgh.

McVICAR, District Judge.

This case is now before us on the petition of the Philadelphia Company wherein it is prayed, inter alia, that the Special Master be directed to proceed promptly with hearings on the claims filed herein by the Philadelphia Company and its affiliated and subsidiary companies and to determine the amount and validity of such claims, and whether such claims are entitled to equal participation with claims asserted by other parties in interest against Pittsburgh Railways Company and its underlier companies.

On the petition the Court made an order that objections to said petition raising questions of law or preliminary issues shall be set forth in the answers and such objections shall be heard by the Court on a date fixed. Answers were filed by W. D. George, Trustee of the Pittsburgh Railways Company, Allegheny Traction Company, Citizens Traction Company, Citizens Company Stockholders Committee, City of Pittsburgh, Jules Guggenheim, et al. and the Securities and Exchange Commission.

W. D. George, Trustee of the Pittsburgh Railways Company, in his answer, supports in the main the petition of the Philadelphia Company, The Citizens Traction Company Stockholders Committee, the City of Pittsburgh, Jules Guggenheim, et al., and the Securities and Exchange Commission, in their answers, pray that the petition be refused. The Allegheny Traction Company and the Citizens Traction Company take the position that the hearings prayed for and the hearings on the plan of reorganization, should, for the purpose of expediency and economy, be heard at the same time.

Section 197 of the Bankruptcy Act, 11 U.S.C.A. § 597, provides that: "For the purposes of the plan and its acceptance, the judge shall fix the division of creditors and stockholders into classes according to the nature of their respective claims and stock."

I am of the opinion that the hearings upon the claims of Philadelphia Company and upon the question whether such claims are entitled to equal participation with claims asserted by other parties in interest against Pittsburgh Railways Company and its underlying companies should begin at once and proceed with diligence. Also for the purpose of economy and expediency, that so far as practicable, the hearings should be held at the same time as the hearings on the plan of reorganization.